UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12485-RWZ

FRANCIS G. FALZARANO,
d/b/a NORTH HILL CONSTRUCTION CO.

v.

MEDFORD HOUSING AUTHORITY
DIRECTOR, JOHN GRECO

MEMORANDUM OF DECISION

January 25, 2005

Plaintiff, who brings this action *pro se,* alleges that he entered into a construction contract with defendant, the Medford Housing Authority. In lieu of a payment bond, plaintiff presented to defendant a check in the amount of $19,000. He alleges that he was not allowed to complete the job and that defendant has failed to return all, but a portion of the security, as a result of which he suffered damages, including the remainder of the deposit and losses caused by the consequent impairment of his working capital.

Although plaintiff describes the Medford Housing Authority as "a government agency of the United States," he invokes the court's jurisdiction under 28 U.S.C. Sec. 1332.

Defendant has moved to dismiss the complaint which plaintiff counters with a motion for leave to amend it. There is first, a question of subject matter jurisdiction in that the Medford Housing Authority is not an agency of the United States, but a corporate body organized under Mass. Gen. Laws ch. 121B and as such of the same

citizenship as plaintiff. Since these parties are not citizens of different states, jurisdiction does not lie under Sec. 1332. Defendant's additional argument, that the claim does not reach the requisite jurisdictional amount of $75,000, is less clear in light of plaintiff's claim for consequential damages.

Defendant advances an alternative reason for dismissal, that this same claim was filed in the Peabody District Court which found for defendant after trial. The doctrine of res judicata does, of course, bar a subsequent claim concerning the same matter, and the motion to amend does not cure the problem. Plaintiff seeks to assert a claim of fraud on the ground that defendant did not properly execute the contract. That is an issue that could have been raised in the earlier proceeding and is thus barred as well.

The motion to dismiss is allowed. Judgment may be entered dismissing the complaint with prejudice.

|  |  |
|---|---|
| _____<br>DATE | /s/ Rya W. Zobel<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |